## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>and<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th Street NW<br>Washington, DC 20503<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-1448 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Health and Human Services and the Office of Management and Budget under the Freedom of

Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201

and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements

of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant the Department of Health and Human Services has denied American Oversight's request for expedited processing, American Oversight is now entitled to judicial review of that claim under 5 U.S.C. § 552(a)(6)(A)(ii).

5.      Because Defendants have failed to comply with other applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

7.      Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant the Office of Management and Budget (OMB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. OMB has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

9.      On information and belief, on or about March 23, 2017, the Trump administration presented a document to congressional Republicans outlining potential regulatory actions the administration could take to affect the implementation of parts of the Affordable Care Act without legislative action.

10.      On Thursday, May 4, 2017, American Oversight submitted two identical FOIA requests to HHS and OMB seeking a copy of that document, among other things.

11.      The FOIA requests sought access to the following records:

(1) A copy of any letter or memorandum sent on or about March 23, 2017 to Congressional Republicans outlining potential regulatory actions related to the Affordable Care Act. The requested record was referenced in an April 4, 2017 letter from 21 Senators to Secretary Tom Price.[5]

(2) Any other communications from [your agency] to any member of Congress or congressional staff concerning potential administrative actions relating to implementation of the Affordable Care Act. Please provide all responsive records from March 6, 2017, to the date the search is conducted.

Footnote 5 in the FOIA requests stated that the letter to Secretary Price is available at

https://www.casey.senate.gov/newsroom/releases/senators-demand-trump-administration-releasesecret-plan-to-undermine-health-care-system-that-was-presented-to-house-freedom-caucus. Copies of the FOIA requests are attached hereto as Exhibits A (HHS) and B (OMB) and incorporated herein.

*Entitlement to Expedited Processing*

12.     American Oversight sought expedited processing of both the HHS and OMB FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II), as well as 45 C.F.R. § 5.27(b)(2) and 5 C.F.R. § 1303.10(d)(1)(ii), respectively.

13.     American Oversight's FOIA requests were "made by a person primarily engaged in disseminating information," and there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § (a)(6)(E)(v)(II); *see also* 45 C.F.R. § 5.27(b)(2); 5 C.F.R. § 1303.10(d)(1)(ii).

14.     American Oversight is primarily engaged in disseminating information to the public.

15.     American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information it gathers, and its analysis of it, to educate the public through reports, press releases, and other media. American Oversight also makes materials it gathers available on its website and promotes their availability on social media platforms.

16.     There is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's FOIA requests.

17.     At the time American Oversight filed its FOIA request, House Republicans had pulled their initial proposal to "repeal and replace" the Affordable Care Act (ACA), and Speaker of the House Paul Ryan had declared that the ACA was "the law of the land" and would remain so "for the foreseeable future." That remains true today, as Senate Republicans recently failed to gather enough votes for their parallel effort to "repeal and replace" the ACA.

18.     Absent legislative action to replace the ACA, President Donald Trump has stated on numerous occasions—both before the filing of American Oversight's FOIA requests and after—that he believes the government should let the ACA fail.

19.     There is an urgent need for the public to understand how the Trump administration is planning to regulate the health care system under current law consistent with the President's oath to faithfully execute the law.

20.     Uncertainty about the administration's regulatory approach to the health care system and the implementation of current law is reportedly having an adverse effect on health insurance marketplaces, providers, and consumers.

21.     The information sought in American Oversight's FOIA requests will meaningfully further public understanding of the administration's plans to regulate the health care system under current law.

*Agency Responses*

22.     HHS assigned the request tracking number 2017-00722-FOIA-OS.

23.     On June 9, 2017, HHS sent American Oversight a letter denying its request for expedited processing. A copy of HHS's letter is attached hereto as Exhibit C and incorporated herein.

24.     American Oversight has received no further communication from HHS regarding its FOIA request.

25.     American Oversight has received no communication from OMB regarding its FOIA request.

*Exhaustion of Administrative Remedies*

26.     Neither HHS nor OMB has responded to American Oversight's FOIA requests, notwithstanding the obligation of the agencies under FOIA to respond within twenty working days.

27.     Through HHS's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

28.     Through HHS's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

29.     Through OMB's failure to make a determination as to American Oversight's request for expedition or to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to OMB and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing by HHS

30.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31.     American Oversight properly requested records within the possession, custody, and control of HHS on an expedited basis.

32.     HHS is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27(b).

33.     American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 45 C.F.R. § 5.27(b)(2).

34.     HHS wrongfully denied expedited processing of American Oversight's request.

35.     HHS's failure to grant expedited processing under 45 C.F.R. § 5.27(b)(2) violated FOIA and HHS regulations.

36.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring HHS to grant expedited processing of American Oversight's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing by OMB**

37.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38.     American Oversight properly requested records within the possession, custody, and control of OMB on an expedited basis.

39.     OMB is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d).

40.     American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's OMB FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 5 C.F.R. § 1303.10(d)(1)(ii).

41.     OMB failed to determine whether expedited processing was appropriate and notify American Oversight of any such determination within ten days after the date of its FOIA request.

42.     OMB's failure to grant expedited processing violates FOIA and OMB regulations.

43.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring OMB to grant expedited processing of American Oversight's FOIA request.

### COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records by HHS and OMB

44.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45.     American Oversight properly requested records within the possession, custody, and control of Defendants.

46.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

47.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

48.     Defendants' failure to conduct an adequate search for responsive records violates FOIA.

49.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT IV**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records by HHS and OMB**

50.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

51.     American Oversight properly requested records within the possession, custody, and control of Defendants.

52.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

53.     Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

54.     Defendants' failure to provide all responsive records violates FOIA.

55.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to expedite the processing of American Oversight's FOIA requests;

(2) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendants to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and

indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: July 20, 2017                                Respectfully submitted,

                                                    */s/ Sara Kaiser Creighton*
                                                    Sara Kaiser Creighton
                                                    D.C. Bar No. 1002367
                                                    Austin R. Evers
                                                    D.C. Bar No. 1006999
                                                    John E. Bies
                                                    D.C. Bar No. 483730
                                                    AMERICAN OVERSIGHT
                                                    1030 15th Street NW, B255
                                                    Washington, DC 20005
                                                    (202) 869-5246
                                                    sara.creighton@americanoversight.org
                                                    austin.evers@americanoversight.org
                                                    john.bies@americanoversight.org
                                                    *Counsel for Plaintiff*